IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT NELSON                                                                                     PLAINTIFF

vs.                                      Civil No. 6:16-cv-06005

CAROLYN COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Robert Nelson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on January 11, 2013. (Tr. 11, 194-201). Plaintiff alleged he was disabled due to brain injury, broken neck, back injury, and mood swings. (Tr. 240). Plaintiff alleged an onset date of May 17, 2011. (Tr. 194, 196). These applications were denied initially and again upon reconsideration. (Tr. 11). Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 152-153).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's administrative hearing was held on August 12, 2014. (Tr. 29-77). Plaintiff was present and was represented by counsel, Shannon Muse Carroll, at this hearing. *Id.* Plaintiff, his brother Raymond Barrett, and Vocational Expert ("VE") Myrtle Johnson, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-two (32) years old and had a seventh grade education. (Tr. 33, 35).

On December 5, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2014. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2013. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of borderline intellectual functioning, drug and alcohol abuse, poor decision-making abilities, organic mental disorder, bipolar disorder, and history of head trauma. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-22). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work with additional physical and mental limitations. (Tr. 15, Finding 5). Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except due to mild to moderate pain the claimant would have no postural restrictions. He could lift 20 pounds occasionally and 10 pounds frequently. Further, the claimant would have no limitations to sitting, standing or walking. He could perform these functions six hours in an eight-hour

workday and one to two hours without interruption. Because the claimant mumbles, he could not have a job requiring communication skills over the phone, such as a telemarketer. Mentally, the claimant would be limited to unskilled, rote activity. He could understand, remember and carry out concrete instructions, as long as they were unskilled and rote. Contact with supervisors and co-workers would be superficial, could meet, greet, make change and give simple directions and instructions. Regarding dealing with the public the claimant could not work as a cashier, handling money, counting change or being a service type of employee in terms of sitting somewhere, answering or responding the questions. Simply, the claimant's job would be getting to work and do the work. He could work alongside co-workers with very little interaction with the public in terms of speaking.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff was unable to perform his PRW as a packer and machine handler. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a housekeeper with 7,000 such jobs in the region and 800,000 such jobs in the nation and small products assembly with 4,500 such jobs in the region and 229,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 17, 2011, through the date of the decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On January 15, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 17, 2016. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 14, 16. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred by failing to find Plaintiff met a Listing and to consider the combined effects of the impairments. ECF No. 14, Pgs. 10-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 16.

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included borderline intellectual functioning, drug and alcohol abuse, poor decision-making abilities, organic mental disorder, bipolar disorder, and history of head trauma. (Tr. 13, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under 12.02 for Organic Mental Disorders. ECF No. 14. Defendant argues Plaintiff has failed to establish he met this Listing. ECF No. 16.

In order to be disabled due to an organic mental disorder under the requirements of Listing 12.02, both subsection A and B, must be met. 20 C.F.R. 404, subpt. P, app. 1, § 12.02. In this matter, the ALJ discussed whether Plaintiff met Listing 12.02, 12.04 and 12.09. (Tr. 14). The requirements of Subsection B for Listings 12.04 and 12.09 are identical to those for Listing 12.02. The Subsection B requirements for Listing 12.02, are as follows:

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence or pace; or
4. Repeated episodes of decompensation, each of extended duration.

The ALJ correctly determined Plaintiff did not have a marked restriction in daily activities or any marked difficulties in social functioning or concentration, persistence or pace. (Tr. 19-21). Also, there was no indication Plaintiff experienced repeated episodes of decompensation.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques.  *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b).  Plaintiff has not met this burden.  I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

Plaintiff also argues the ALJ erred by failing to consider all of his impairments in combination.  However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2006).  In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 13-14, Finding 4) (emphasis added).  The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform light work with additional physical and mental imitations. (Tr. 14, Finding 5).  The ALJ went on to state Plaintiff's RFC would not preclude him from performing other work that exists in significant numbers in the national economy.  (Tr. 22, Finding 10).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments.  *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor"

7

and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged he suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **30th day of January 2017.**

/s/　Barry A. Bryant  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE